# Syllabus

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

ELIA COMPANIES, LLC v UNIVERSITY OF MICHIGAN REGENTS

Docket No. 162830. Argued on application for leave to appeal December 7, 2022. Decided May 2, 2023.

Elia Companies, LLC, brought an action in the Washtenaw Circuit Court against the University of Michigan Regents, alleging breach of contract; violations of Michigan's anti-lockout statute, MCL 600.2918; breach of covenant for quiet possession; constructive eviction; conversion; and unjust enrichment. In 2013, plaintiff entered into a 10-year lease with defendant to obtain space at the Michigan Union for establishing a coffee shop. In March 2017, defendant disclosed its plans to renovate the Union. Plaintiff's complaint alleged that the parties' lease required that they negotiate a relocation of the leased premises. However, defendant terminated the lease on April 20, 2018, based on plaintiff's alleged default and ordered plaintiff to vacate the premises. Plaintiff brought the instant action in August 2018, and defendant, over plaintiff's objection, filed a notice of transfer removing the case to the Court of Claims pursuant to MCL 600.6404(3) and MCL 600.6419(1) of the Court of Claims Act (the COCA), MCL 600.6401 *et seq*. Defendant moved for summary disposition, arguing that plaintiff's action must be dismissed because plaintiff failed to comply with the notice and verification requirements of MCL 600.6431 of the COCA. The Court of Claims, CHRISTOPHER M. MURRAY, J., agreed and dismissed plaintiff's case. Plaintiff appealed, and the Court of Appeals, SWARTZLE, P.J., and RONAYNE KRAUSE and RICK, JJ., affirmed in part and reversed in part. 335 Mich App 439 (2021). The panel affirmed the dismissal of plaintiff's ancillary claims on governmental-tort-immunity grounds but reversed the dismissal of plaintiff's contract claim. In doing so, the Court of Appeals relied on *Progress Mich v Attorney General*, 506 Mich 74 (2020), to hold that plaintiff could verify its complaint as required by MCL 600.6431(1) by filing an amended, verified complaint in the ordinary course of the proceedings, notwithstanding the fact that the one-year period for filing a verified notice or claim set forth in MCL 600.6431(1) had lapsed. Defendant sought leave to appeal the reinstatement of plaintiff's contract claim in the Supreme Court, and the Supreme Court ordered and heard oral argument on whether to grant the application or take other action. 508 Mich 1004 (2021).

In a unanimous per curiam opinion, the Supreme Court, in lieu of granting leave to appeal, *held*:

The Court of Appeals erred when it excused plaintiff's failure to timely comply with MCL 600.6431. All parties with claims against the state, except those exempted in MCL 600.6431 itself,

must comply with the requirements of MCL 600.6431.  MCL 600.6431 states that except as otherwise provided in this section, a claim may not be maintained against this state unless the claimant, within one year after the claim has accrued, files in the office of the clerk of the Court of Claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies.  Plaintiff did not timely comply with MCL 600.6431 because it failed to file, in the office of the clerk of the Court of Claims, a written claim or a written notice of intention to file a claim within one year after its claims accrued.  The Court of Appeals erroneously applied *Progress Mich* to reason that plaintiff could correct any defect in its complaint in order to comply with the requirements of MCL 600.6431 and MCL 600.6434 during the pendency of the proceedings and in accordance with the court rules even after the one-year period set forth in MCL 600.6431 had expired.  *Progress Mich* pertained to a distinct statute-of-limitations issue and did not purport to detract from Michigan jurisprudence requiring complete compliance with MCL 600.6431 to avoid dismissal of claims against the state.  The plaintiff in *Progress Mich* had filed an amended and verified complaint well before the expiration of the one-year period set forth in MCL 600.6431; accordingly, the *Progress Mich* Court was not tasked with considering whether a party can cure a defective complaint after that one-year deadline has lapsed.  The Court of Appeals thus misapplied the rationale of *Progress Mich* to excuse plaintiff's failure to comply with MCL 600.6431.  Plaintiff's failure to comply with the notice and verification requirements of MCL 600.6431 mandated dismissal of this case.

Reversed and remanded to the Court of Claims for reinstatement of summary disposition in favor of defendant.

Justice BERNSTEIN did not participate in the disposition of this case due to a familial relationship.

Justice BOLDEN did not participate in the disposition of this case because the Court considered it before she assumed office.

# OPINION

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

FILED May 2, 2023

STATE OF MICHIGAN

SUPREME COURT

ELIA COMPANIES, LLC,

        Plaintiff-Appellee/
        Cross-Appellant,

v                                     No. 162830

UNIVERSITY OF MICHIGAN REGENTS,

        Defendant-Appellant/
        Cross-Appellee.

BEFORE THE ENTIRE BENCH (except BERNSTEIN and BOLDEN, JJ.)

PER CURIAM.

At issue is whether plaintiff's claims must be dismissed due to plaintiff's failure to timely comply with the notice and verification requirements of MCL 600.6431 of the Court of Claims Act (the COCA).[1] We hold that they must. In concluding to the contrary, the Court of Appeals erred by applying this Court's decision in *Progress Mich v Attorney*

---

[1] MCL 600.6401 *et seq.*

*General*[2] to reason that plaintiff could "correct any defect in its complaint in order to comply with [the requirements of MCL 600.6431 and MCL 600.6434] during the pendency of the proceedings and in accordance with the court rules" even after the one-year period set forth in MCL 600.6431 had expired.[3] *Progress Mich* pertained to a distinct statute-of-limitations issue and did not purport to detract from our jurisprudence requiring complete compliance with MCL 600.6431 to avoid dismissal of claims against the state. Accordingly, we reverse the judgment of the Court of Appeals and remand this case to the Court of Claims for reinstatement of summary disposition in favor of defendant. We deny plaintiff's application for leave to appeal as cross-appellant.

## I. BASIC FACTS AND PROCEDURAL HISTORY

In 2013, plaintiff, Elia Companies, LLC, entered into a 10-year lease with defendant, the University of Michigan Regents, to obtain space at the Michigan Union, where it would establish a coffee shop. In March 2017, defendant disclosed its plans to renovate the Union. According to plaintiff's complaint, the parties' lease required that they negotiate a relocation of the leased premises. Plaintiff asserts that, rather than enter into good-faith negotiations, defendant sent it a long list of relatively old grievances on April 17, 2018, and terminated the lease on April 20, 2018, based on plaintiff's alleged default. Defendant ordered plaintiff to vacate the premises, and plaintiff was barred from entering the building.

---

[2] *Progress Mich v Attorney General*, 506 Mich 74, 94, 97-98; 954 NW2d 475 (2020).

[3] *Elia Cos, LLC v Univ of Mich Regents*, 335 Mich App 439, 459; 966 NW2d 755 (2021).

In August 2018, plaintiff filed an action in the Washtenaw Circuit Court, alleging breach of contract, violations of Michigan's anti-lockout statute,[4] breach of covenant for quiet possession, constructive eviction, conversion, and unjust enrichment. Defendant, over plaintiff's objection, filed a notice of transfer removing the case to the Court of Claims pursuant to MCL 600.6404(3) and MCL 600.6419(1) of the COCA. Defendant ultimately moved for summary disposition pursuant to MCR 2.116(C)(7), (C)(8), and (C)(10), arguing, in pertinent part, that plaintiff's entire action must be dismissed because plaintiff failed to comply with the notice and verification requirements of MCL 600.6431[5] of the COCA. The Court of Claims agreed and dismissed plaintiff's case pursuant to MCR 2.116(C)(7).[6]

Plaintiff appealed as of right, and the Court of Appeals affirmed in part and reversed in part in a published opinion. The panel affirmed the dismissal of plaintiff's ancillary claims on governmental-tort-immunity grounds but reversed the dismissal of plaintiff's contract claim. In doing so, the Court of Appeals relied on this Court's decision in *Progress Mich* to hold that plaintiff could verify its complaint as required by MCL 600.6431(1) by filing an amended, verified complaint in the ordinary course of the proceedings,

---

[4] MCL 600.2918.

[5] MCL 600.6431(1) states that "[e]xcept as otherwise provided in this section, a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies." MCL 600.6431(2) then sets forth the requirements for the claim or notice required under Subsection (1).

[6] The Court of Claims also reasoned that most of plaintiff's claims would have been independently subject to dismissal as a matter of law because they were torts barred by governmental immunity, duplicative, or controlled by the lease contract.

3

notwithstanding the fact that the one-year period for filing a verified notice or claim set forth in that statute had lapsed.[7]  Defendant sought leave to appeal the reinstatement of plaintiff's contract claim in this Court.[8]

## II.  STANDARD OF REVIEW

A trial court's ruling on a motion for summary disposition is reviewed de novo.[9] Issues of statutory interpretation are also reviewed de novo.[10]

## III.  ANALYSIS

As an initial matter, we reject plaintiff's argument that it was not required to comply with the notice and verification requirements of MCL 600.6431 because plaintiff initially filed suit in the circuit court rather than in the Court of Claims.  As this Court held in *Christie v Wayne State Univ*,[11] all parties with claims against the state, except those exempted in MCL 600.6431 itself, must comply with the requirements of MCL 600.6431. This includes claims initiated in the circuit court.  Plaintiff did not timely comply with this

---

[7] *Elia Cos*, 335 Mich App at 459-460.

[8] Plaintiff cross-appealed, arguing that the Court of Appeals erred by upholding the Court of Claims' dismissal of its claim alleging statutory conversion, MCL 600.2919a, and its claim that defendant violated the anti-lockout statute, MCL 600.2918.  Plaintiff also argued that the Court of Appeals incorrectly applied tort immunity under the governmental tort liability act (the GTLA), MCL 691.1401 *et seq*., even though defendant's leasing of the commercial space to plaintiff was a proprietary function excluded from the GTLA's immunity, see MCL 691.1413.

[9] *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

[10] *Fairley v Dep't of Corrections*, 497 Mich 290, 296; 871 NW2d 129 (2015).

[11] *Christie v Wayne State Univ*, ___ Mich ___, ___; ___ NW2d ___ (2023) (Docket No. 162706).

4

provision, as it failed to file, in the office of the clerk of the Court of Claims, "a written claim or a written notice of intention to file a claim" within one year after its claims accrued.[12]

The Court of Appeals excused plaintiff's failure to timely comply with MCL 600.6431, citing *Progress Mich* to conclude that plaintiff could "correct any defect in its complaint in order to comply with [the requirements of MCL 600.6431 and MCL 600.6434] during the pendency of the proceedings and in accordance with the court rules" even after the one-year period set forth in MCL 600.6431 had expired.[13] This was in error and contrary to our jurisprudence. As we explained in *Christie*, this Court has stated that adherence to the conditions set forth in MCL 600.6431 is necessary "to successfully expose the defendant state agencies to liability."[14] In the context of the GTLA, this Court in

---

[12] MCL 600.6431(1). Plaintiff argues that it satisfied the notice and verification requirements of MCL 600.6431 with an affidavit from Zaid Elia, plaintiff's managing member, which was filed with plaintiff's November 2018 response to defendant's first motion for summary disposition. While the affidavit was signed and verified before an officer authorized to administer oaths, we agree with the Court of Claims that the affidavit was neither a "written notice of intention to file a claim" nor a "written claim." We agree with the reasoning of the Court of Claims that

> [t]he affidavit did not state an intent to file a claim in [the Court of Claims], nor was it the "claim" itself. Nor was the affidavit "file[d] in the office of the clerk of the court of claims," see § 6431(1), in a way that would indicate it was intended to put defendant on notice of a claim. Rather, it was attached at the end of a response to a dispositive motion, and it was intended to offer evidentiary support for the assertions plaintiff made in its briefing. A document offered as evidentiary support to a responsive brief does not satisfy the purposes of the notice requirement. See [*McCahan v Brennan*, 492 Mich 730, 744 n 24; 822 NW2d 747 (2012)] (describing the purposes served by the notice required in § 6431).

[13] *Elia Cos*, 335 Mich App at 459.

[14] *Fairley*, 497 Mich at 298.

5

*Rowland v Washtenaw Co Rd Comm* held that the 120-day notice provision in MCL 691.1404 of the GTLA "was constitutional," that "no 'saving construction' was necessary or allowed," and that "the engrafting of [a] prejudice requirement onto the statute was entirely indefensible."[15] Five years later, this Court held in *McCahan v Brennan* that the reasoning of *Rowland* equally applied to the notice provision in MCL 600.6431 of the COCA, holding that "statutory notice requirements must be interpreted and enforced as plainly written and . . . no judicially created saving construction is permitted to avoid a clear statutory mandate."[16] Ultimately, the Court concluded that the "[f]iling [of a] notice outside the statutorily required notice period does not constitute compliance with the statute."[17] In 2015, in *Fairley v Dep't of Corrections*, this Court explained that, by enacting MCL 600.6431, "the Legislature has qualified a claimant's ability to bring a claim against the state by requiring that 'the claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths.' "[18] In holding that the plaintiffs' claims had to be dismissed, the Court ruled that, when a "notice [is] either unverified but timely or untimely but verified, . . . it fails to meet the conditions precedent to maintaining a suit against the [state]."[19] Accordingly, under our well-established jurisprudence, a party bringing suit against the state must fully comply with the terms of MCL 600.6431,

---

[15] *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 211; 731 NW2d 41 (2007).

[16] *McCahan*, 492 Mich at 733.

[17] *Id*. at 747.

[18] *Fairley*, 497 Mich at 298, quoting MCL 600.6431(1), as enacted by 1961 PA 236.

[19] *Fairley*, 497 Mich at 300.

regardless of a finding of prejudice. Under this caselaw, plaintiff's failure to comply with MCL 600.6431 mandates the dismissal of its claims. This should have been the end of the Court of Appeals' inquiry.

Instead, the Court of Appeals applied this Court's decision in *Progress Mich* to conclude that plaintiff's claims need not be dismissed despite plaintiff's failure to timely comply with MCL 600.6431. But *Progress Mich* did not purport to detract from our jurisprudence requiring complete compliance with MCL 600.6431 to maintain a claim against the state. In *Progress Mich*, the plaintiff's original complaint filed under the Freedom of Information Act (FOIA)[20] failed to comply with the verification requirement of MCL 600.6434.[21] Unlike in this case, the plaintiff in *Progress Mich* subsequently filed an amended and verified complaint well before the expiration of the one-year period set forth in MCL 600.6431. Thus, the *Progress Mich* Court was not tasked with considering whether a party can cure a defective complaint after that one-year deadline has lapsed. The distinct issue presented was whether the initial filing of the unverified complaint tolled the applicable statute of limitations to prevent dismissal of the case on statute-of-limitations grounds. This Court held that an unverified complaint can toll the 180-day FOIA limitations period, as "nothing in the language of [FOIA] suggests that the verification requirement of MCL 600.6434 (or MCL 600.6431) has any bearing on the question of when

---

[20] MCL 15.231 *et seq*.

[21] MCL 600.6434(2) of the COCA provides that a party's complaint "shall be verified," and MCL 600.6434(3) and (4) provide instruction as to how the complaint shall be served and filed. The Court in *Progress Mich* stated that the "[d]efendant did not address verification under MCL 600.6434 separately from verification under MCL 600.6431, and while the statutes function slightly differently, there is no difference between their verification requirements." *Progress Mich*, 506 Mich at 93.

an action is commenced or whether the statutory period of limitations is tolled."[22]  The Court did not alter its previous holdings that compliance with MCL 600.6431 is required to avoid dismissal of claims against the state.  The Court of Appeals thus misapplied the rationale of *Progress Mich* to excuse plaintiff's failure to comply with MCL 600.6431.

## IV.  CONCLUSION

We conclude that plaintiff's failure to comply with the notice and verification requirements of MCL 600.6431 mandates dismissal of this case.  Accordingly, we reverse the judgment of the Court of Appeals and remand this case to the Court of Claims for reinstatement of summary disposition in favor of defendant.  We deny plaintiff's application for leave to appeal as cross-appellant.[23]

> Elizabeth T. Clement
> Brian K. Zahra
> David F. Viviano
> Megan K. Cavanagh
> Elizabeth M. Welch

BERNSTEIN, J., did not participate in the disposition of this case due to a familial relationship.

BOLDEN, J., did not participate in the disposition of this case because the Court considered it before she assumed office.

---

[22] *Progress Mich*, 506 Mich at 98.

[23] In light of our conclusion that plaintiff's claims fail due to plaintiff's failure to comply with MCL 600.6431, we need not consider the issues set forth in plaintiff's cross-appeal.